IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Teresa Maye Bush,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-00455-DWD |
| | ) |
| **Warden Lillard,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter comes before the Court on petitioner Teresa Maye Bush's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Prison Camp at Greenville, Illinois ("FPC-Greenville"), where Respondent is the warden. The petitioner is challenging her decline status assignment under Female Integrated Treatment ("FIT") since June 2, 2022, and the resulting loss of First Step Act credit under 18 U.S.C. § 3632(a) & (d)(4).

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this court the authority to apply the rules to other *habeas corpus* cases.

In April 2017, Petitioner plead guilty in the United States District Court for the Southern District of Iowa for one count of conspiracy to manufacture heroin and one count of possession with intent to distribute heroin. *See United States v. Stewart et al*, No. 3:17-cr-00024 (S.D. Iowa). In January 2018, Petitioner was sentenced to 168 months for two counts, to be served concurrently. Petitioner did not appeal her sentence.

Petitioner is currently incarcerated at FCP-Greenville with a projected release date of April 6, 2028. *See* BOP, Find an Inmate, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (visited August 20, 2024). Petitioner seeks 633 days of sentence credit under a provision of the First Step Act based on her participation on the waitlist for Evidence-Based Recidivism Reduction programs ("EBRR"). Petitioner claims she was erroneously assigned decline status under FIT based on instruction by Dr. Hughes, the FIT Regional Director, and Dr. Childers, the Residence Drug Abuse Program ("RDAP") regional director, that certain EBRR programs could replace FIT for FSA credit.

In December 2018, the First Step Act directed the United States Attorney General to establish a system where an eligible inmate can participate in appropriate evidence-based recidivism reduction programs based on their specific criminogenic needs in order to earn time credits toward their sentence. *See* 18 U.S.C. § 3632(a) & (d)(4) (directing creation of the "Risk and Needs Assessment System"). Specifically, §3632(a) & (d)(4)(A)(i) provides that "[a] prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or

2

productive activities." Petitioner alleges she earned a credit of at least 633 days for the time her decline status assignment under FIT.

The computation of a prisoner's sentence, including the application of potential sentence credits, can be challenged in a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *United States v. Walker* (917 F.3d 989, 994 (7th Cir. 2019) (noting inmate may challenge the computation of his sentence by a § 2241 petition after first seeking relief through the BOP's administrative process). Here, it is not plainly apparent that Bush is not entitled to habeas relief. Without commenting on the merits of Bush's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before September 20, 2024. This preliminary order to respond does not preclude the respondent from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of her continuing obligation to keep the Clerk and opposing parties informed of any change in her whereabouts during the pendency of this action. This notification must be in writing no later than 7 days after a transfer or other change in address. Failure to provide notice may result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: August 20, 2024

s/ *David W. Dugan*

DAVID W. DUGAN
United States District Judge

4