IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA MAYE BUSH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-455-DWD |
| | ) |
| RA'SHAWN WALKER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On August 11, 2025, Respondent filed a Motion to Dismiss Petition as Moot. (Doc. 20). As a result of Petitioner's failure to respond to the motion, the Court, on October 9, 2025, directed Petitioner to respond to the motion on or before October 31, 2025. (Doc. 22). Petitioner did not file a response. As a result, the Court entered a Show Cause Order directing Petitioner to respond in writing, on or before February 3, 2026, why her Petition should not be dismissed with prejudice for failure to prosecute. (Doc. 23). As of this date, Plaintiff has neither responded to the motion to dismiss nor the Show Cause Order.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "The court may 'infer a lack of intent to prosecute a case from a pattern of failure to meet court-imposed deadlines.'" *Pouliot v. Board of Trustees of University of Illinois*, No. 21-2735, 2025 WL 1275774, at *2 (7th Cir. 2025) (quoting *Dickerson v. Board of Education of Ford Heights, Illinois*, 32 F.3d 1114, 1117 (7th Cir.

1994)). In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-33 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants *Id.* (citing *Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000)).

Here, Petitioner has failed to follow the Court's Orders to respond to Respondent's Motion to Dismiss Petition as Moot or the Show Cause Order. (Docs. 22, 23). The Court makes the permissible inference from Petitioner's conduct that she does not intend to pursue her case. Moreover, judicial resources are not limitless, and Petitioner's failure to prosecute this matter and disregard for this Court's orders, if permitted to continue, will necessarily detract from the Court's other duties. Accordingly, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**SO ORDERED.**

Dated: February 5, 2026

---

DAVID W. DUGAN
United States District Judge